**BRUMBERGER CO., Inc., Plaintiff,**

v.

**CHADWICK–MILLER IMPORTERS, INC., Defendant.**

**Civ. A. No. 67–187.**

United States District Court
D. Massachusetts.

May 9, 1967.

Arthur D. Thomson, Thomson & Mrose, Boston, Mass., for plaintiff.

Armand E. Lackenbach, James E. Siegel, Lackenbach & Siegel, New York City, of counsel.

Charles Hieken, Wolf, Greenfield & Hieken, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action brought by plaintiff, a New York corporation, against defendant, a Massachusetts corporation, for alleged infringement of a proprietary right, misappropriation thereof, and unfair competition. Jurisdiction of this court is based on 28 U.S.C. § 1332.

The matter came before the Court upon plaintiff's motion for a preliminary injunction and upon defendant's motion to dismiss the complaint. The motion for preliminary injunction is supported by the affidavit of the Secretary of the plaintiff corporation, the affidavit of the President of a corporate customer of plaintiff, the affidavit of one of the attorneys for plaintiff, and by a group of exhibits. From these documents it appears that plaintiff manufactures and sells a toy bank, 6″ x 7″ x 9″ in size, made as a miniature reproduction of a safe. Plaintiff's product bears the legend "Original Mosler Junior Bank Vault." The exhibits filed in support of the motion for preliminary injunction consist primarily of samples of advertising material used by customers of plaintiff who sell plaintiff's product as a mail order item. These advertisements stress the fact that plaintiff's product is an "authentic replica" of the massive turn-of-the-century Mosler safes. None of the six exhibits submitted by plaintiff as representative of the magazine advertising used by plaintiff's customers to market this product as a mail order item refer in any way to plaintiff as the manufacturer or the source of these "Original Mosler Junior Bank Vaults." The advertisements stress that plaintiff's safe stand ¾ foot tall, has a combination lock, holds $1,000 in change, has rubber tires, an eagle and gold leaf designs. The literature also emphasizes the fact that these safes are "authentic replicas" of Mosler safes considered impregnable one hundred years ago.

The toy safes distributed by the two parties are approximately the same size. Both are made completely of a black metal substance. Both have gold leaf trim. Both have a combination lock made of red plastic with white numbering. Both have an eagle design on the face. One purports to be a replica of a "Mosler" safe and the other to be a replica of a "Frontier" safe. On the combination lock on the door of plaintiff's safe the words "Brumberger Bklyn, N. Y." are imprinted in a poorly visible fashion. Defendant's safe bears a gummed label on the bottom containing the one word "Japan."

Plaintiff also included as exhibits in support of its motion for an injunction two pieces of advertising material used in connection with the distribution of defendant's product as a mail order item. Nothing in the advertising material used by defendant's customers identifies defendant as the source of the product, and, conversely, nothing in these two exhibits suggests in any way that plaintiff is the source or manufacturer of defendant's safe. The advertising material used to market defendant's product stresses the fact that it is a "Frontier" safe and is a replica of a safe that "Jesse James couldn't crack."

At the oral argument it was conceded that plaintiff's product is not entitled to the protection of the patent or copyright laws of the United States, and no claim for trademark protection was advanced on behalf of plaintiff. In Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), Mr. Justice Black, speaking for the court, said, at p. 231, 84 S.Ct. at p. 789:

"An unpatentable article * * * is in the public domain and may be made

and sold by whoever chooses to do so. What Sears did was to copy Stiffel's design and to sell lamps almost identical to those sold by Stiffel. This it had every right to do under the federal patent laws. That Stiffel originated the pole lamp and made it popular is immaterial. Sharing in the good will of an article unprotected by patent or trademark is the exercise of a *right* possessed by all."

In Compco Corp. v. Day-Brite Lighting, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), again speaking for the court, Mr. Justice Black observed, at p. 237, 84 S.Ct. at p. 782: "when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article."

In light of the foregoing, and in light of the fact that there is no patent, copyright, or trademark involved herein, and that there is clearly no passing off of defendant's product as that of plaintiff, plaintiff has no right to relief of any kind as against defendant, and the motion for injunction is denied. Defendant's motion to dismiss complaint is allowed.

Judgment accordingly.